HARRY G. STEINMETZ v. CLARA K. STEINMETZ, EX-
ECUTRIX (ESTATE OF FREDERICK W. STEINMETZ).

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.
Argued May 5—decided June 8, 1939.

*George E. Beers* and *William L. Beers,* for the appellant (defendant).

*John R. Deming,* for the appellee (plaintiff).

PER CURIAM.   Most of the facts material to the general situation involved in the present case are stated in the opinion in *Clara K. Steinmetz, Executrix,* v. *Harry G. Steinmetz,* ante, 663.   In addition to a withdrawal of $60 per week each by the plaintiff and Frederick W. Steinmetz as provided by the partnership agreement between them, each drew further amounts from time to time and paid personal bills and purchased articles for his personal use from the partnership funds.   The plaintiff's claim was based upon items alleged to have been so withdrawn or paid out by the defendant's decedent.   The case was referred to a committee, who found an excess of $3386.77 in withdrawals of Frederick over those of Harry and a consequent indebtedness of the former to the latter of one-half that amount—$1693.38.   The defendant filed a remonstrance as to various items so allowed, the report was corrected by stipulation as to certain of them,

making the amount due the plaintiff $1393.93, and, as so corrected, was accepted by the trial court and judgment was rendered accordingly. Error is assigned in the failure to eliminate from the report six other items aggregating $403 which were allowed against the defendant. However, the testimony of the plaintiff, with such slight assistance as is afforded by documentary evidence, was sufficient, especially in the absence of contradiction or explanation on behalf of the defendant, to justify the committee in including these items and to preclude a holding of error on the part of the trial court in not regarding them as lacking support from evidence.

There is no error.